4/3/03

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR - 3 2004

at 2 o'clock and 17 min. PM
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00159 DAE |
| Plaintiff, | ) | |
| | ) | SUPERSEDING INDICTMENT |
| vs. | ) | |
| | ) | [18 U.S.C. § 1343 - Wire Fraud; |
| JOHN VAN LAU, | ) | 18 U.S.C. § 1341 - Mail Fraud; |
| aka "Jimmy Liu" | ) | 18 U.S.C. § 1001 - False Statements; |
| Defendant. | ) | 18 U.S.C. § 1543 - False Use Of A Passport; |
| | ) | 18 U.S.C. § 1956 - Money Laundering; |
| | ) | 18 U.S.C. § 2 - Aiding and Abetting] |

**S U P E R S E D I N G   I N D I C T M E N T**

The Grand Jury charges that:

COUNTS 1 - 9:

(18 U.S.C. §§ 1343 and 2 -
Wire Fraud and Aiding and Abetting)

INTRODUCTION

1. At all times material to this Superseding Indictment and as set forth herein:

   a. Defendant JOHN VAN LAU was an individual who represented himself to be a certified financial planner.

   b. Susan L. was a resident of the City and County of Honolulu, Hawaii, and was the wife of defendant JOHN VAN LAU.

   c. Christine L. was a resident of the City and County of Honolulu, Hawaii, and was the sister of defendant JOHN VAN LAU.

   d. The name "Jimmy Liu" was an alias adopted by defendant JOHN VAN LAU through the use of a New Hebrides passport bearing the photograph of defendant JOHN VAN LAU and obtained by defendant from a mail order supplier.

   e. The name "Megan Liu" was an alias adopted by Susan L. through the use of a New Hebrides passport bearing the photograph of Susan L., obtained by defendant JOHN VAN LAU from a mail order supplier.

      f.    Victim "J.M." was a resident of the City and County of Honolulu, Hawaii, who began utilizing the financial planning services of defendant JOHN VAN LAU in 1996 to plan for her retirement.

      g.    Victim "L.C." was a resident of the City and County of Honolulu, Hawaii, who began utilizing the financial planning services of defendant JOHN VAN LAU in 1995 following her retirement from teaching.

      h.    Victim "R.K." was a resident of the City and County of Honolulu, Hawaii, who began utilizing the financial planning services of defendant JOHN VAN LAU in 1995 to plan for his retirement.

      i.    "Business & Tax Solutions, Inc." was incorporated by defendant JOHN VAN LAU in the State of Nevada on March 20, 1997.

      j.    "IM&A, Inc." was incorporated by defendant JOHN VAN LAU in the State of Nevada on March 20, 1997.

      k.    "AM&A, Inc." was incorporated by defendant JOHN VAN LAU in the Commonwealth of the Bahamas on March 23, 1998.

      l.    "JML, Inc." is a fictitious entity not known to be incorporated or operate in any location.

      m.    "PFG, Inc." is a fictitious entity not known to be incorporated or operate in any location.

THE SCHEME TO DEFRAUD

    2. From on or about March, 1998 until an exact date unknown but until no earlier than March 28, 2003, in the District of Hawaii and elsewhere, defendant JOHN VAN LAU knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice for obtaining money from victims L.C., J.M., and R.K., by means of material false and fraudulent pretenses, representations and promises, as well as omissions of material fact.

    3. Defendant JOHN VAN LAU solicited funds from L.C., J.M. and R.K. in his role as their professional financial planner, by making material false and fraudulent claims that he would invest those funds on their behalf in preparation for their retirement needs.

    4. In late 1997 defendant JOHN VAN LAU recommended to J.M. that she sell her condominium in Hawaii, and in March of 1998, after the sale of the condominium was complete, defendant JOHN VAN LAU provided and caused to be provided false and fraudulent material information to J.M. for the purpose of persuading J.M. to transfer $80,000 from the proceeds of the condominium sale to the possession of JOHN VAN LAU, based on the material misrepresentation by JOHN VAN LAU that he would invest those funds in "IM&A, Inc," which he misrepresented to her was similar to an "individual retirement account" for an overseas

investment. In truth and fact, on April 9, 1998, defendant JOHN VAN LAU deposited J.M.'s $80,000 into CalFed Bank in California, his employer at the time, and through a series of bank transactions placed the money in an account in the name of "Jimmy and Megan Liu." With those funds he then purchased investment securities in the name of "Jimmy and Megan Liu."

5. Defendant JOHN VAN LAU's misappropriation of the funds provided to him by J.M. was discovered by Cal-Fed Bank officials, the $80,000 was returned to J.M. in May 1998 by Cal-Fed Bank, and the defendant's employment was terminated.

6. On or about July 2, 1998, defendant JOHN VAN LAU opened a customer account with the securities trading firm TD Waterhouse (formerly known as "Jack White & Company"), in the name of "AM&A, Inc." (hereinafter referred to as the "AM&A Account No. 1").

7. In or about June or July 1998, defendant JOHN VAN LAU persuaded L.C. to provide to him $20,000 based on the materially false and fraudulent misrepresentation that he would invest those funds on her behalf in a new retirement investment opportunity. In response L.C. obtained a cashier's check from her bank and provided the money to defendant JOHN VAN LAU, which he then deposited into the newly opened AM&A Account No. 1 on July 2, 1998.

8. In or about September 1998, defendant JOHN VAN LAU persuaded J.M. to again transfer back to him the $80,000 in proceeds from the sale of her condominium based on materially false and fraudulent misrepresentations and promises to her that he would invest the money on her behalf in investment opportunities appropriate her retirement; however, in September of 1998 defendant JOHN VAN LAU deposited the $80,000 into AM&A Account No. 1.

9. In September of 1998, defendant JOHN VAN LAU persuaded victim L.C. to sell investment securities then held by her and to transfer the proceeds to the possession of the defendant based on materially false and fraudulent misrepresentations and promises that he would invest the money on her behalf in investment opportunities appropriate for her retirement needs. On or about September 21, 1998, defendant JOHN VAN LAU deposited three checks totaling approximately $138,500, representing the proceeds from the sale of those investment securities, into AM&A Account No. 1.

10. No other deposits were made into AM&A Account No. 1, with all the funds in that account having been provided to defendant JOHN VAN LAU by L.C. and J.M. prior to September 30, 1998, based on his materially false and fraudulent misrepresentation that he would invest those funds consistent with their retirement needs.

11. Rather than invest the money consistent with the promises and representations made to L.C. and J.M., defendant JOHN VAN LAU used their money deposited in the AM&A Account No. 1 to conduct "day trading" of equity securities in various United States stock exchanges.

12. To conceal this fraudulent conduct, defendant JOHN VAN LAU periodically provided J.M. and L.C. with "Statements" that he fraudulently prepared on his home computer reflecting non-existent investments on their behalf through an entity called "JML, Inc.," sometimes with a Salzburg, Austria address, and other times with a Lowenstein, Germany address.

13. On or about October 7, 1998, defendant JOHN VAN LAU caused his sister, Christine L., to open an account at First Hawaiian Bank (hereinafter "Chistine FHB Account") with an initial deposit of $40,000 drawn from AM&A Account No. 1.

14. On or about July 2, 1999, defendant JOHN VAN LAU opened an account with Telebank in the name of "AM&A, Inc.," (hereinafter referred to as "AM&A Account No. 2"), and caused $20,000 to be transferred by wire from the AM&A Account No. 1 to AM&A Account No. 2.

15. On or about December 20, 1999, defendant JOHN VAN LAU caused another $20,000 to be wire transferred from AM&A Account No. 1 to the AM&A Account No. 2.

16. On or about October 27, 2000, defendant JOHN VAN LAU caused another $20,000 to be wire transferred from AM&A Account No. 1 to the AM&A Account No. 2.

17. Between on or about August 3, 1999, and December 15, 2000, defendant JOHN VAN LAU caused at least fourteen (14) checks, totaling approximately $72,000, to be written on the AM&A Account No. 2, all of which were deposited into the Christine FHB Account.

18. Between on or about October 7, 1998 and January 30, 2001, defendant JOHN VAN LAU and/or Susan L. withdrew or caused to be withdrawn currency totaling approximately $101,750 from the Christine FHB Account, through ATM withdrawals and checks payable to "cash," and used that money for their personal benefit.

19. Between on or about January 1, 1999, and July 1, 1999, defendant JOHN VAN LAU caused four checks totaling approximately $6,400.00 to be drawn on the Christine FHB account for payment of his family's residential rent and utilities.

20. On or about February 11, 2000, defendant JOHN VAN LAU and Susan L. opened a joint account at American Savings Bank, in the names "Jimmy and Megan Liu," using the New Hebrides passports obtained through a mail-order supplier by defendant JOHN VAN LAU.

21. On or about December 29, 2000, defendant JOHN VAN LAU opened an American Savings Bank account in the name of "Jimmy Liu" (hereinafter referred to as "Jimmy Liu ASB Account"), using the New Hebrides passport, with an initial deposit made up of the balance of funds from the "Jimmy and Megan Liu" ASB account which was closed simultaneously.

22. On or about January 31, 2001, defendant JOHN VAN LAU caused $111,375 to be transferred by wire from AM&A Account No. 1 to AM&A Account No. 2.

23. On or about February 2, 2001, defendant JOHN VAN LAU wrote a check in the amount of $112,000 on AM&A Account No. 2, and deposited that check in the Jimmy Liu ASB account.

24. On or about February 20, 2001, defendant JOHN VAN LAU wrote a check on the Jimmy Liu ASB account for $100,000, payable to "Cash", and withdrew $100,000 in United States currency from American Savings Bank.

25. From on or about February 3, 2001, to March 29, 2001, defendant JOHN VAN LAU and/or Susan L. withdrew or caused to be withdrawn currency totaling approximately $26,100 from the Jimmy Liu ASB account through ATM withdrawals and checks made payable to "cash", and the defendant used that money or caused that money to be used for his personal benefit.

26. On or about June 13, 2001, defendant JOHN VAN LAU deposited into the AM&A Account No. 2 a check for $17,500 drawn on funds in the Territorial Savings account of J.M.

27. On or about June 21, 2001, defendant JOHN VAN LAU wrote or caused to be written a check for $10,000 on the AM&A Account No. 2, payable to "Jimmy Liu", and deposited that check in the Jimmy Liu ASB account.

28. On or about August 15, 2001, defendant JOHN VAN LAU deposited into the AM&A Account No. 2 a check for $16,000 drawn on funds in the Territorial Savings account of J.M.

29. Between on or about August 16 and October 15, 2001, defendant JOHN VAN LAU wrote or caused to be written checks totaling $23,500 on the AM&A Account No. 2, payable to "Jimmy Liu", and deposited those checks in the Jimmy Liu ASB account.

30. Between on or about July 1, 2001 to April 30, 2002, defendant JOHN VAN LAU and/or Susan Lau withdrew or caused to be withdrawn currency totaling approximately $32,400 from the Jimmy Liu ASB account through ATM withdrawals, and used that money for defendant's personal benefit.

31. In or about May of 2002, defendant JOHN VAN LAU persuaded R.K. to participate in a "retirement" investment opportunity with "AM&A, Inc.," stating that AM&A had lower costs than the ones associated with the retirement investments R.K currently owned.

32. On or about June 13, 2002, defendant JOHN VAN LAU deposited into the AM&A Account No. 2 a check for $30,000 drawn on the American Savings Bank account of R.K..

33. Between on or about July 15 and August 2, 2002, defendant JOHN VAN LAU wrote or caused to be written checks totaling $30,300 on the AM&A Account No. 2, payable to "Jimmy Liu," and deposited the checks into the Jimmy Liu ASB account.

34. Between on or about August 9 and August 21, 2002, defendant JOHN VAN LAU wrote or caused to be written three checks on the Jimmy Liu ASB account, payable to "cash", totaling $23,500, and withdrew or caused to be withdrawn currency totaling approximately $5,800 through ATM withdrawals. Defendant JOHN VAN LAU used the $29,300 or caused that money to be used for his personal benefit.

THE WIRES

35. On or about the dates listed below, within the District of Hawaii, and elsewhere, for the purpose of carrying out and aiding and abetting the scheme and artifice to defraud, as more fully set forth in paragraphs 1 through 2 above, defendant JOHN VAN LAU caused, and aided and abetted in causing, signs, signals and sounds to be transmitted by means of wire and radio communications in interstate commerce by causing, and aiding and abetting in causing, signs, signals and sounds to be

transmitted from the following locations within the State of Hawaii, through and to locations outside of the State of Hawaii:

| COUNT | APPROX. DATE | DESCRIPTION AND LOCATION OF ADDRESSEE |
|---|---|---|
| 1 | July 2, 1999 | Wire transfer of $20,000 from AM&A Account No. 1 to AM&A Account No. 2. |
| 2 | December 20, 1999 | Wire transfer of $20,000 from AM&A Account No. 1 to AM&A Account No. 2. |
| 3 | October 27, 2000 | Wire transfer of $20,000 from AM&A Account No. 1 to AM&A Account No. 2. |
| 4 | January 31, 2001 | Wire transfer of $111,375 from AM&A Account No. 1 to AM&A Account No. 2. |
| 5 | August 11, 2001 | Data transmissions between LGChase@yahoo.com and Laulau808@yahoo.com in the form of electronic mail. |
| 6 | October 25, 2001 | Data transmissions between LGChase@yahoo.com and Laulau808@yahoo.com in the form of electronic mail. |
| 7 | April 3, 2002 | Data transmissions between LGChase@yahoo.com and Laulau808@yahoo.com in the form of electronic mail. |
| 8 | July 23, 2002 | Data transmissions between LGChase@yahoo.com and Laulau808@yahoo.com in the form of electronic mail. |
| 9 | August 13, 2002 | Data transmissions between amaservicing@postmaster.co.uk and LGChase@yahoo.com in the form of electronic mail. |

<u>COUNTS 10-22</u>:

[18 U.S.C. §§ 3141 and 2 -
Mail Fraud and Aiding and Abetting]

36. The Grand Jury incorporates herein the allegations set forth in Paragraphs 1 through 33 above.

37. On or about January 7, 2003, defendant JOHN VAN LAU began to encourage J.M. to liquidate her remaining retirement investments in Oppenheimer mutual funds and her IRA at the University of Hawaii Federal Credit Union, and to re-invest those funds through him based a false and fraudulent representation that he could invest the money in an annuity company that was paying a 10% bonus for opening a new annuity account.

38. On or about January 21, 2003, defendant JOHN VAN LAU mailed to J.M. a package of documents for her to use in closing out her investments in Oppenheimer mutual funds and the University of Hawaii Federal Credit Union, and an "application" to open an annuity account with "PFG, Inc.," in Chicago, Illinois.

39. In a letter included in the package, defendant JOHN VAN LAU falsely and fraudulently represented to J.M. that the annuity would provide a monthly payment of approximately $600, with the payments to start in one year. Also included was a stamped and addressed envelope for her to use which would have returned the distribution forms and the PFG, Inc., application to JOHN VAN LAU's Hawaii address.

40. The "application" form to open an account with "PFG, Inc.," was prepared by defendant JOHN VAN LAU on his home computer using as a template a form he had previously used in connection with the solicitation of investments in AM&A by substituting a logo for "PFG" on the computer-generated form. The Chicago address listed on the form for "PFG, Inc.," is non-existent, and the telephone number area code is in the State of Washington.

41. On or about March 20, 2003, defendant JOHN VAN LAU did persuade J.M. to liquidate her remaining retirement investments in Oppenheimer mutual funds and the University of Hawaii Federal Credit Union, totaling $9,768 and $13,115 respectively, and had her use the proceeds to purchase cashiers' checks payable to "PFG, Inc.", which she mailed at his instruction to 1038 Kekaulike, #23, Honolulu, Hawaii, on or about March 28, 2003. Thess checks were recovered by law enforcement agents before they could be negotiated.

THE MAILINGS

42. On or about the dates listed below, within the District of Hawaii, and elsewhere, for the purpose of carrying out and aiding and abetting the scheme and artifice to defraud, defendant JOHN VAN LAU did knowingly cause to be delivered, or aided and abetted the delivery to the United States Postal Service the mail matter described below, to be placed in a post office or

an authorized depository for mail matter to be sent and delivered by the United States Postal Service:

| COUNT | DATE MAILED | DESCRIPTION AND ADDRESSEE |
|---|---|---|
| 10 | April 13, 1998 | An envelope in which was enclosed an $80,000 cashier's check from Hawaii Federal Credit Union payable to IM&A, Inc. |
| 11 | March 2, 2001 | An envelope in which was enclosed a check payable to J.M. from Jefferson Pilot Financial representing the proceeds from an annuity withdrawal. |
| 12 | May 25, 2001 | An envelope in which was enclosed a check payable to J.M. from Ameritas Life Ins. Company representing the proceeds from an annuity withdrawal. |
| 13 | April 25, 2002 | An envelope in which was enclosed a letter from defendant JOHN VAN LAU to R.K. |
| 14 | July 16, 2002 | An envelope in which was enclosed a Statement of Account for R.K. from AM&A, Inc. |
| 15 | July 16, 2002 | An envelope in which was enclosed a Statement of Account for L.C. from JML, Inc. |
| 16 | July 16, 2002 | An envelope in which was enclosed a Statement of Account for J.M. from JML, Inc. |
| 17 | September 20, 2002 | An envelope in which was enclosed a Statement of Account for R.K. from AM&A, Inc. |
| 18 | January 21, 2003 | An envelope in which was enclosed forms and documents to assist J.M. in the liquidation of retirement investments in Oppenheimer mutual funds and the University of Hawaii Federal Credit Union. |

| COUNT | DATE MAILED | DESCRIPTION AND ADDRESSEE |
|---|---|---|
| 19 | January 24, 2003 | An envelope in which was enclosed a Statement of Account for R.K. from AM&A, Inc. |
| 20 | March 28, 2003 | An envelope in which was enclosed two cashier's checks payable to PFG, Inc., drawn against the University of Hawaii Federal Credit Union account of J.M. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 21 - 35:

[18 U.S.C. § 1956(a)(1)(B)(i) and 2 -
Money Laundering and Aiding and Abetting]

43. The Grand Jury incorporates herein the allegations set forth in Paragraphs 1 through 34, and 37 through 41 above.

44. On or about the following dates set forth in tabular form below, in the district of Hawaii, defendant JOHN VAN LAU, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, or aided and abetted the conduct or attempted conduct of a financial transaction affecting interstate commerce; to wit, to deposit into bank accounts checks drawn on accounts with banks engaged in interstate commerce, or to use negotiable instruments to withdraw United States currency from accounts with banks engaged in interstate commerce, which involved the proceeds of specified unlawful activity as described in tabular form below; and that while conducting, attempting to conduct, or aiding and abetting the conduct of such transaction, knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity as described, with each transaction representing a different count of this indictment:

| COUNT | DATE | DESCRIPTION OF LAUNDERING ACT AND SPECIFIED UNLAWFUL ACTIVITY |
|---|---|---|
| 21 | August 3, 1999 | Deposit of a $5,000 check from the AM&A Account No. 2, representing the proceeds of wire fraud, into First Hawaiian Bank. |
| 22 | January 3, 2000 | Deposit of a $5,000 check from the AM&A Account No. 2, representing the proceeds of wire fraud, into First Hawaiian Bank. |
| 23 | August 30, 2000 | Deposit of a $5,000 check from AM&A Account No. 2, representing the proceeds of wire fraud, into First Hawaiian Bank. |
| 24 | December 15, 2000 | Deposit of a $10,000 check from AM&A Account No. 2, representing the proceeds of wire fraud, into First Hawaiian Bank. |
| 25 | February 2, 2001 | Deposit of a $112,000 check from AM&A Account No. 2, representing the proceeds of wire fraud, into American Savings Bank. |
| 26 | February 20, 2001 | Use of a negotiable instrument to withdraw $100,000 in United States Currency from the American Savings Bank account of "Jimmy Liu", representing the proceeds of wire fraud. |
| 27 | March 2, 2001 | Deposit of a $9,900 check from AM&A Account No. 2, representing the proceeds of wire fraud, into American Savings Bank. |

| COUNT | DATE | DESCRIPTION OF LAUNDERING ACT AND SPECIFIED UNLAWFUL ACTIVITY |
|---|---|---|
| 28 | June 21, 2001 | Deposit of a $10,000 check from AM&A Account No. 2, representing the proceeds of mail fraud, into American Savings Bank. |
| 29 | August 16, 2001 | Deposit of a $7,500 check from AM&A Account No. 2, representing the proceeds of mail fraud, into American Savings Bank. |
| 30 | October 15, 2001 | Deposit of a $16,000 check from AM&A Account No. 2, representing the proceeds of mail fraud, into American Savings Bank. |
| 31 | July 15, 2002 | Deposit of a $15,000 check from AM&A Account No. 2, representing the proceeds of mail fraud, into American Savings Bank. |
| 32 | August 2, 2002 | Deposit of a $15,300 check from AM&A Account No. 2, representing the proceeds of mail fraud, into American Savings Bank. |
| 33 | August 9, 2002 | Use of a negotiable instrument to withdraw $8,000 in United States currency from the American Savings Bank account of "Jimmy Liu", representing the proceeds of wire fraud. |
| 34 | August 13, 2002 | Use of a negotiable instrument to withdraw $8,500 in United States currency from the American Savings Bank account of "Jimmy Liu", representing the proceeds of wire fraud. |
| 35 | August 21, 2002 | Use of a negotiable instrument to withdraw $7,000 in United States currency from the American Savings Bank account of "Jimmy Liu", representing the proceeds of wire fraud. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT 36:

[18 U.S.C. § 1001 - False Statement]

45. On or about the June 29, 1999, in the District of Hawaii, in a matter within the jurisdiction of the Internal Revenue Service, an agency within the Executive Branch of the government of the United States, the defendant, JOHN VAN LAU, did knowingly and willfully make and use a material false writing and document, knowing the same to contain a material false statement and entry; that is, the defendant submitted to the Internal Revenue Service a Form SS4, "Application for Employer Identification Number," on behalf of AM&A, Inc., signing the form using the false and fictitious name "JIMMY LIU" on behalf of "AM&A, Inc."

All in violation of Title 18, United States Code, Section 1001(a)(3).

COUNT 37:

[18 U.S.C. § 1543 - False Use Of A Passport]

46. On or about February 11, 2000, in the District of Hawaii, defendant JOHN VAN LAU willfully and knowingly used, or attempted to use, a false passport purportedly issued by the country of New Hebrides, in the name of "JIMMY LIU", to open account number 0409-65957 at American Savings Bank.

All in violation of Title 18, United States Code, Section 1543.

COUNT 38:

[18 U.S.C. § 1543 - False Use Of A Passport]

47. On or about December 29, 2000, in the District of Hawaii, defendant JOHN VAN LAU willfully and knowingly used, or attempted to use, a false passport purportedly issued by the country of New Hebrides, in the name of "JIMMY LIU", to open account 8009-00714 at American Savings Bank.

All in violation of Title 18, United States Code, Section 1543.

DATED: March 3, 2004, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

WILLIAM L. SHIPLEY
Assistant U.S. Attorney

United States V. John Van Lau; Cr. No. 03-00159 DAE
"Superseding Indictment"